UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>  v.<br><br>DANNY AVILA,<br><br>               Defendant. | CASE NO. CR18-5205 BHS<br><br>ORDER |

This matter comes before the Court on Defendant Danny Avila's pro se Motion for Compassionate Release and Appointment of Counsel, Dkt. 279. The Court has considered the briefing filed in support of and in opposition to the motion and the remainder of the file and denies the motion for the reasons stated below.

**I. BACKGROUND**

In September 2018, Avila pled guilty to one count of Conspiracy to Distribute Controlled Substances, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), 846. Dkt. 145. The Honorable Ronald B. Leighton[1] sentenced Avila to 96 months imprisonment

---

[1] This case was transferred to this Judge following Judge Leighton's retirement from the federal bench.

followed by four years of supervised released. Dkt. 222. Avila is currently housed at the Federal Correctional Institute in Sheridan, Oregon ("FCI Sheridan") and is scheduled to be released on March 27, 2025.

Avila moves for compassionate release, arguing his release is necessary so he can care for his father, his wife,[2] and his children both medically and financially. Dkt. 279. He also argues that his conditions of confinement and his medical conditions support his release. *Id.* The Government opposes[3] compassionate release, arguing that Avila failed to show he was the only available caregiver for his family members, failed to exhaust all of his arguments, and failed to show that he is at high risk for COVID-19. Dkt. 285. The Government also argues that the conditions at FCI Sheridan are not a reason for compassionate release and that even if Avila could show extraordinary and compelling reasons justifying his release, the 18 U.S.C. § 3553(a) sentencing factors weigh against his release. *Id.*

## II. DISCUSSION

Pursuant to 18 U.S.C. § 3582(b), a judgment of conviction that includes a sentence of imprisonment "constitutes a final judgment and may not be modified by a district court

---

[2] Avila refers to Ms. Tara Palomino as his wife. *See, e.g.*, Dkt. 279 at 8. The Government, however, asserts that the two are not married. *See* Dkt. 285 at 1 n.1. For the purposes of this Order, the Court assumes without deciding that the two are married. Nevertheless, it is worth noting that the Court has yet to decide whether a defendant's need to care for a partner to whom he is not married could be a valid reason for compassionate release. *See United States v. Green*, No. 17-5355, Dkt. 86 at 7 (W.D. Wash. Feb. 7, 2022) (granting compassionate release for the defendant to care for his minor children, but declining to decide whether compassionate release could be granted based on his claimed need to care for his long-term girlfriend).

[3] The Government's unopposed Motion for Leave to File Overlength Brief, Dkt. 284, and its unopposed Motion to Seal, Dkt. 286, are GRANTED.

except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (internal quotations omitted). Effective December 21, 2018, the First Step Act of 2018 amended § 3582(c)(1)(A) by adding a provision that allows prisoners to directly petition a district court for a reduction in sentence (also known as compassionate release):

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> (i) extraordinary and compelling reasons warrant such a reduction;
> \*\*\*
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; . . . .

18 U.S.C. § 3582(c)(1)(A). Accordingly, a court may reduce a sentence upon motion of a defendant provided that: (1) the inmate has either exhausted his or her administrative appeal rights of the Bureau of Prison's ("BOP") failure to bring such a motion on the inmate's behalf or has waited until 30 days after the applicable warden has received such a request; (2) the inmate has established "extraordinary and compelling reasons" for the requested sentence reduction; and (3) the reduction is consistent with the Sentencing Commission's policy statement. *See id.*

The Sentencing Commission's policy statement referenced in 18 U.S.C. § 3582(c)(1)(A) provides, in relevant part:

> [T]he court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed

>
> the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
> (1)(A) Extraordinary and compelling reasons warrant the reduction;
> ***
> (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
> (3) The reduction is consistent with this policy statement.

United States Sentencing Guidelines ("USSG") § 1B1.13. However, the Ninth Circuit has held that § 1B1.13 is inapplicable to defendant-initiated –motions for compassionate release, joining the many circuits across the country. *See United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021) ("We agree with the persuasive decisions of our sister circuits and also hold that the current version of U.S.S.G. § 1B1.13 is not an 'applicable policy statement[]' for 18 U.S.C. § 3582(c)(1)(A) motions filed by a defendant." (internal citation omitted)); *see also United States v. Brooker*, 976 F.3d 228, 234 (2d Cir. 2020); *United States v. Jones*, 980 F.3d 1098, 1109–10 (6th Cir. 2020). Rather, USSG § 1B1.13 is helpful guidance to the Court when exercising its discretion.

Therefore, on a defendant-initiated motion under the First Step Act, the defendant must show that they have exhausted their administrative remedies and that they have extraordinary and compelling reasons warranting their release, and the Court must consider the sentencing factors under 18 U.S.C. § 3553(a). Although the Government argues that Avila did not fully exhaust some of his arguments, the Court considers Avila's administrative remedies exhausted for the purposes of this Order.

While § 1B1.13 is not binding on this Court for defendant-initiated motions for compassionate release, it does provide the Court guidance. Notably, § 1B1.13

contemplates extraordinary and compelling reasons due to the "death or incapacitation of the caregiver of the defendant's minor child or minor children" or due to the "incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." USSG, § 1B1.13, Application Notes (1)(C). Courts, including this Court, have thus concluded that a defendant being the only available caregiver for their parents can amount to an extraordinary and compelling reason. *See United States v. Bucci*, 409 F. Supp. 3d 1, 2 (D. Mass. 2019); *United States v. Hernandez*, No. 16-20091-CR-WILLIAMS, 2020 WL 4343991, at *1 (S.D. Fla. Apr. 3, 2020); *United States v. Pickering*, No. CR20-5005 BHS, Dkt. 73 (W.D. Wash. Nov. 29, 2021). *But see United States v. Ingram*, No. 2:14-CR-40, 2019 WL 3162305, at *2 (S.D. Ohio July 16, 2019) ("Many, if not all inmates, have aging and sick parents. Such circumstance is not extraordinary.").

      The Court is sympathetic to Avila's situation, but he has not met his burden in establishing extraordinary and compelling reasons warranting his release. Specifically, he has not established that he is the only available caregiver for his wife, his father, or his children. Another judge in this district has held that "incapacitation of the family member and the unavailability of other caregivers remain critical to the analysis because it ensures that the circumstances are truly extraordinary and compelling." *United States v. Roueche*, No. 07-cr-0344 RSL, 2021 WL 2778577, at *5 (W.D. Wash. July 2, 2021). Avila states that his wife receives help for herself and for the children from her mother and stepfather. Dkt. 279 at 8. He also states that his father receives help from Avila's brother. *Id.* at 10.

1    Further, Avila states that his wife is currently in recovery and "stable." *Id.* at 8–9.
2    While the Court does not doubt that this is a difficult situation for Avila's wife and
3    family, there is no indication that his wife is currently unable to care for the children.
4    Avila expresses concern that he does not know who would take care of his children if his
5    wife's health worsened and that she has been told by medical professionals that her
6    cancer will return. *Id.* But, that is not the current situation.

7    As to Avila's family's financial situation, the Court agrees with the Government
8    that such a situation is by no means extraordinary. While the Court has no doubt that the
9    family has struggled financially since Avila's incarceration, that is the case for many, if
10   not most, families of incarcerated individuals. The need to provide financial support,
11   without more, has not been established as a basis for compassionate release.

12   Avila's own medical conditions also do not constitute extraordinary or compelling
13   reasons justifying his release. It is unclear whether he is asserting that he is at high risk
14   for serious illness from COVID-19 or if he is simply arguing that his medical conditions
15   justify his release on their own. He states that he has "minor spinal arthritis," "irregular
16   heartbeat," and "chronic eye pain." *Id.* at 11.

17   Avila's risk of developing COVID-19 is not extraordinary or compelling. The
18   CDC does not recognize arthritis, eye pain, or "irregular heartbeat"[4] as putting an

---

21   [4] It is somewhat unclear what Avila means by "irregular heartbeat." The CDC does recognize cardiomyopathies as putting individuals at higher risk for serious illness from COVID-
22   19. However, there is no evidence or suggestion that Avila is suffering from a cardiomyopathy.

ORDER - 6

individual at high risk for serious illness from COVID-19.[5] Avila also failed to demonstrate that his medical conditions cannot be adequately addressed through the prison health care system. If the healthcare Avila receives is in fact inadequate, the remedy is not compassionate release but rather to pursue administrative remedies or to bring an Eighth Amendment claim in the district in which the prison is located.

The same is true for other conditions of confinement. The Court is sympathetic to the fact that lockdowns and COVID-19 protocols have made life in prison more difficult than under normal circumstances. Nevertheless, Avila's situation is not unique and does not constitute an extraordinary or compelling circumstance justifying release.

The defendant has the burden to establish his entitlement to compassionate release. He has not met that burden. Avila's motion for compassionate release is, therefore, DENIED without prejudice.[6]

Avila also seeks appointment of counsel. That request is similarly denied. While Chief Judge Ricardo Martinez's General Order 03-19 provides for appointment of counsel for defendants seeking relief under the First Step Act, Avila disclosed that Federal Public Defender Vicki Lai told him that the FPD would not file a compassionate release motion on his behalf without new facts. This suggests that FPD has already

---

[5] Centers for Disease Control and Prevention, *People with Certain Medical Conditions* (last updated May 2, 2022), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

[6] Because Avila has not established extraordinary and compelling reasons to warrant compassionate release, the Court will not consider the § 3553(a) factors.

ORDER - 7

screened Avila's case and determined that he is not eligible for compassionate release at this time.

### III.  ORDER

Therefore, it is hereby **ORDERED** that Defendant Danny Avila's Motion for Compassionate Release and Appointment of Counsel, Dkt. 279, is **DENIED without prejudice**. The Government's Motion for Leave to File Overlength Brief, Dkt. 284, and its Motion to Seal, Dkt. 286, are **GRANTED**.

Dated this 12th day of August, 2022.

BENJAMIN H. SETTLE
United States District Judge